## CONFIDENTIALITY AND
## NON-DISCLOSURE AGREEMENT

This Confidentiality and Non-Disclosure Agreement ("Agreement") is entered into by and between Eastern Computer Exchange, Inc., (Collectively "Eastern"), and Synnefo Technology Solutions, Inc. for itself and on behalf of its Affiliates and Representatives and Officers, (Collectively "SYNNEFO"), and shall be effective on and after July 1, 2010 (its "Effective Date").

**Recitals.**

Eastern and SYNNEFO have requested that each party furnish the other with certain information which is considered confidential and proprietary. Each party may also obtain additional information regarding the other during the course of discussions or negotiations between the parties that prompted the original request for information (the "Parties' Discussions"). The purpose of this Agreement is to set forth the terms and conditions under which such information will be disclosed. As an inducement to each party furnishing the other with the information, and as a condition to each party furnishing such information to the other, each party agrees that it will, and will cause each of its Representatives (as defined herein) to comply with the provisions hereof.

1. "Affiliate" means an entity that directly or indirectly: controls, is controlled by, or is under common control with a party to this Agreement.

2. "Confidential Information" shall mean all oral and written information concerning the subject matter of the Parties' Discussions, and any and all information regarding each parties' business operations, including, but not limited to, any information regarding its products and related services, services, projects, volume and similar data, business plans, programs, facilities, financial statements, budgets, cash flow projections, tax information, patient volume, subscribers, fee schedules, vendors, customers referral sources, and that is: 1) is marked, otherwise identified as, legally entitled to protection as, or is of the type or nature that a reasonable person would understand it to be confidential, proprietary, privileged or trade secret information; and (2) is disclosed by or on behalf of a party (the "Disclosing Party") to the other party (the "Receiving Party") related to the Parties' Discussions.

3. "Representatives" means a party's officers, directors, members, employees, consultants, agents or business associates, who receive Confidential Information and/or participate in the Parties' Discussions pursuant to this Agreement.

4. The Receiving Party agrees that it will, and will cause its Representatives to, maintain in confidence all Confidential Information. In this regard, the Receiving Party agrees to disclose Confidential Information only to Representatives who need to know such information for the purpose of the Parties' Discussions and shall take all necessary and reasonable precautions to prevent such Confidential Information from being disclosed or provided to any unauthorized person. The Receiving Party agrees that it will not, and will cause its Representatives not to, use Confidential Information for any purpose other

than the purpose of the Parties' Discussions without first obtaining the Disclosing Party's express written consent. Receiving Party shall be responsible for any improper disclosure or use of Confidential Information by any of its Representatives. The term "<u>person</u>" as used in this Agreement will be interpreted broadly to include, without limitation, any corporation, company, partnership, limited liability company, natural person or government entity.

5. In the event the Receiving Party or any of its Representatives is requested or becomes legally compelled (by deposition, interrogatory, request for documents, subpoena, civil investigative demand or similar process) to disclose any Confidential Information, then the party so requested or compelled shall provide the Disclosing Party with prompt written notice of such request or requirement so that the Disclosing Party may seek a protective order or other appropriate remedy and/or waive compliance with the terms of this Agreement. In the event that such protective order or other remedy is not obtained, or that the Disclosing Party waives compliance with the provisions hereof, the party so requested or compelled agrees to furnish only that portion of the Confidential Information that it is advised by counsel is legally required to be disclosed and to exercise reasonable efforts to obtain assurance that confidential treatment will be accorded the Confidential Information.

6. Upon written notice from the Disclosing Party, the Receiving Party agrees to immediately return all Confidential Information and any copies in whatever medium utilized containing any such Confidential Information. In addition, the Receiving Party agrees to destroy all copies of any analyses, compilations and studies or other documents including notes and other writings that it prepared containing or reflecting any Confidential Information, and shall certify in writing to the other that such destruction has occurred.

7. Except as may be necessary, in the opinion of counsel, to comply with the requirements of law, governmental regulation without the prior written consent of the Disclosing Party, the Receiving Party will not, and will direct its Representatives not to, disclose to any person either the fact that the Parties Discussions or that the Disclosing Party or the Receiving Party has requested or received any information, including Confidential Information, from the other party, or any terms, conditions or other facts with respect to the Parties Discussions, including the status thereof.

8. The parties agree that remedies at law for any actual or threatened breach by Receiving Party of the provisions of this Agreement would be inadequate. Accordingly, the Receiving Party acknowledges and agrees in advance that in the event of any actual or threatened breach of the provisions of this Agreement by it, and without prejudice to any rights and remedies otherwise available to the Disclosing Party, the Disclosing Party will be entitled (a) to equitable relief, including by way of injunction and (b) to compel specific performance without the need of proof of actual damages. The Receiving Party further agrees to and hereby does waive any requirement for the securing or posting of any bond by the Disclosing Party in connection with such remedies.

9. If any article under this agreement is deemed unenforceable for any reason, the parties to enforce the balance of the Agreement, which shall be deemed amended to delete or modify, as necessary, the invalid or unenforceable provisions. The parties further agree to alter the balance of this Agreement in order to render the same valid and enforceable.

10. This Agreement constitutes the full understanding of the parties and a complete and exclusive statement of the terms and conditions of their agreement relating to the subject matter hereof and supersedes any and all prior agreements, whether written or oral, that may exist between the parties with respect thereto. Except as otherwise specifically provided in this Agreement, this Agreement shall be modified in writing by consent of the parties.

11. The restrictions expressed in this Agreement are in no way to supersede or eliminate any rights which the parties otherwise may have pursuant to state or federal law pertaining to trade secrets or proprietary information.

12. It is further understood and agreed that no failure or delay by either party in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

13. This Agreement will be governed by and construed in accordance with the laws of the State of Connecticut.

14. This Agreement shall be binding upon and inure to the benefit of the parties hereto and shall be binding upon and inure to the benefit of the successors, assigns, personal representatives, executors and administrators of the parties hereto.

This Agreement may be executed by facsimile transmission and in two or more counterparts, each of which shall be deemed an original and which, when taken together, shall constitute one and the same instrument. Any signatures delivered by a party by facsimile transmission or by e-mail transmission, including in Adobe portable document format, shall be deemed an original signature.

IN WITNESS WHEREOF, the parties have executed this Agreement intending to be bound on and after its Effective Date.

| **Eastern Computer Exchange, Inc.** | **Synnefo Technology Solutions, Inc.** |
|---|---|
| By: _____ | By: KARL KOSHY |
| Title: _____ | Title: MANAGING DIRECTOR |
| Signature: _____ | Signature: [signed] |
| Date: _____ | Date: 7/9/2010 |

3