UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EASTERN COMPUTER EXCHANGE, INC., a corporation, <br><br> Plaintiff, <br><br> v. <br><br> SYNNEFO TECHNOLOGY SOLUTIONS, INC., a corporation <br><br> Defendant. | CIVIL ACTION <br> NO.: CV 11-788 <br><br><br> MAY 13, 2011 |

## APPLICATION FOR PRELIMINARY INJUNCTION

Pursuant to Fed. R. Civ. P. 65(a), the Plaintiff, Eastern Computer Exchange Inc., hereby moves the Court to issue an Order preliminarily enjoining the Defendant, Synnefo Technology Solutions, Inc., as follows:

    1. A preliminary injunction enjoining Synnefo: 1) from obtaining, using or disclosing any portion of Eastern's trade secrets; 2) from performing on the Whirlpool VDI project account; and 3) from using or disclosing information obtained directly or indirectly from Eastern's trade secrets.

    2. The Defendant is further ordered to immediately turn over to the Plaintiff any and all documents or information in any tangible form in the Defendant's possession, custody, or control, which contain trade secrets or confidential information.

3. The Defendant be enjoined from destroying or otherwise rendering unavailable any information relevant to this lawsuit, including any evidence of any communications between Synnefo and any current or former Eastern employees;

In support of this Application, the Plaintiff represents as follows:

1.Contemporaneously with the filing of this Application, the Plaintiff has filed a Verified Complaint and Declaration of James Soja (attached as Ex. 1) alleging and establishing that the Defendant has received Eastern Confidential Information and that Defendant has and is using this information to work on the Whirlpool VDI project. The Plaintiff has set forth claims for violation of the Connecticut Uniform Trade Secrets Act, Conn. Gen. Sta. Sec. 35-50, et seq. and the Connecticut Unfair Trade Practices Act, Conn. Gen, Stat. Sec. 42-110, et seq.

2. The Confidentiality and Non-Disclosure Agreement (attached as Ex. A to Soja Declaration), provides for injunctive relief.  Specifically, it states:

> The parties agree that remedies at law for any actual or threatened breach by Receiving Party of the provisions of this Agreement would be inadequate.  Accordingly, the Receiving Party acknowledges and agrees in advance that in the event of any actual or threatened breach of the provisions of this Agreement by it, and without prejudice to any rights and remedies otherwise available to the Disclosing Party, the Disclosing Party will be entitled (a) to equitable relief, including by way of injunction and (b) to compel specific performance without the need of proof of actual damages.  The Receiving Party further agrees to and hereby does waive any requirement for the securing or posting of any bond by the Disclosing Party in connection with such remedies.

(¶ 8, Ex. B.)

3. There is a substantial likelihood that the Plaintiff will succeed on the merits on its claim. The Defendant's conduct poses a real and immediate threat of harm to the Plaintiff, which constitutes an irreparable injury for which there is not adequate remedy at law.

WHEREFORE, the Plaintiff hereby applies for a Preliminary Injunction Order in accordance with its request for relief, and respectfully requests that the Defendant be ordered to appear at an early date to show cause why the Plaintiff s prayer for an injunction should not be granted.

PLAINTIFF,
Eastern Computer Exchange, Inc.

By_____/s/ Ann Grunbeck Monaghan____
Ann Grunbeck Monaghan
Federal Bar No.: ct16745
Law Office of Ann Monaghan, LLC
159 Main Street, Unit E
P.O. Box 343
Chester, CT 06412
Phone: (860) 575-3803
Fax: (860) 322-5720
Email: agmonaghan@hotmail.com